UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-mj-8384-WM

UNITED STATES OF AMERICA

v.

TAPARRISH SHAKANE VAILS,

      **Defendant.**

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___ Yes  X  No

                                    Respectfully submitted,

                                    ARIANA FAJARDO ORSHAN
                                    UNITED STATES ATTORNEY

BY: _____
      Dayron Silverio
      Assistant United States Attorney
      Florida Bar No. 112174
      99 N.E. 4th Street, 6th Floor
      Miami, Florida 33132-2111
      T. (305) 961-9009
      F. (305) 530-7976
      Dayron.Silverio@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>TAPARRISH SHAKANE VAILS,<br>Defendant(s) | )<br>)<br>) Case No. 20-mj-8384-WM<br>)<br>)<br>) |

FILED BY _____KJZ_____ D.C.
Nov 13, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 22, 2020__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of a Firearm by a Convicted Felon |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a Firearm in Furtherance of a Drug-Trafficking Crime |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher A. Goodrich, Special Agent, FBI
Printed name and title

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed. R. Crim. P. 4(d) and 4.1.

Date: __November 13, 2020__

_____
Judge's signature

City and state: __West Palm Beach, Florida__

William Matthewman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher Goodrich, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest and search warrants. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2016. I am currently assigned to the Miami Field Office South Florida Violent Crimes Task Force, which targets individuals involved in violent crime. As part of my duties, I investigate crimes related to robbery and fugitives from justice. I received training on the proper investigative techniques for these violations, including the use of surveillance techniques and the application and execution of arrest and search warrants. I have conducted and assisted in fugitive and violent crime investigations, and have executed arrest and search warrants that have led to seizures of evidence related to violent crime. Prior to working as a Special Agent with the FBI, I was a police officer in Norfolk, Virginia, from 2007 to 2016.

2. As provided herein, I submit there is probable cause to believe that, on or about February 22, 2020, **TAPARRISH SHAKANE VAILS** did knowingly possess a firearm, in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and did knowingly possess a firearm in furtherance of a drug-trafficking crime, a felony offense for which the defendant may be

prosecuted in a court of the United States, that is, a violation of 21 U.S.C. § 841(a)(1), as provided herein, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

3. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not contain every fact known to me about the investigation.

## PROBABLE CAUSE

4. On or about February 22, 2020, at approximately 2:50 am, law enforcement observed a black Buick bearing Florida license plate IQ0-0UI (the "VEHICLE"), operating without operational headlights and traveling west on West Indiantown Road, Jupiter, Florida, in the Southern District of Florida. Law enforcement initiated and conducted a traffic stop in the area of West Indiantown Road and North Central Boulevard in Jupiter, Florida. During this traffic stop law enforcement made contact with VAILS, the sole occupant of the vehicle.

5. During the traffic stop, VAILS stated that he realized he was operating the vehicle without headlights. VAILS provided his Florida driver's license in his name but could not provide proof of insurance. Law enforcement detected the odor of burned marijuana emitting from the vehicle. Law enforcement also observed, in plain view, what appeared to be trace amounts of marijuana throughout the vehicle. VAILS appeared to have red and glassy eyes, consistent with someone who had recently smoked marijuana. The officer believed, based on his training, experience, and observations in the car that VAILS had been operating the vehicle under the influence of marijuana.

6. During the traffic stop, law enforcement returned to their patrol vehicle to conduct a records check. The records check revealed VAILS was currently on federal probation.

2

7. Upon returning to the vehicle, law enforcement noticed, for the first time, a bulge in VAILS's waistband. Law enforcement also observed pre-flight indicators, such as shallow breathing and darting eye-movements. Law enforcement asked VAILS for consent to search the VEHICLE, but consent was denied by VAILS. Law enforcement provided multiple orders for VAILS to exit the VEHICLE. VAILS provided excuses and would not comply with law enforcement's demands.

8. Law enforcement reached for the driver's side door. At that point, VAILS quickly placed the VEHICLE in drive and accelerated away from law enforcement. Law enforcement activated their siren and gave chase.

9. Law enforcement observed the VEHICLE enter the I-95 southbound on-ramp. Due to the wet road conditions, VAILS's accelerating speed, and his disregard for public safety laws, enforcement deactivated their lights and siren.

10. Shortly after disengaging from the pursuit, law enforcement observed that the VEHICLE had crashed into a guard rail on the I-95 southbound ramp. Law enforcement approached and gave VAILS multiple commands to exit the VEHICLE. VAILS did not comply with the commands, and was forcefully removed from the VEHICLE and placed under arrest.

11. Law enforcement searched VAILS and no contraband was recovered on his person. From within the VEHICLE, law enforcement recovered a digital scale and baggies. In my training and experience, scales and baggies are tools associated with narcotics trafficking.

12. Law enforcement canvassed the immediate area of the vehicle crash and portions of the I-95 south on-ramp. This search yielded negative contraband.

13. VAILS was transported to Palm Beach County Jail and charged with violations of Florida law.

14. Later that same day, at approximately 2:09 p.m., law enforcement met with an identified female ("Concerned Citizen") in person at the Delray Beach Police Department, who turned over a backpack.

15. Law enforcement have interviewed the Concerned Citizen, who has stated that she and her son were driving to Delray Beach when they noticed a black backpack on the entrance ramp to I-95 south. They made a U-turn and retrieved the bag from the side of the road.

16. Back inside the car, they inspected the bag and observed, among other things, a firearm and ammunition.

17. They then continued driving to Delray Beach. Once at Delray Beach, the Concerned Citizen and her son attended a meeting, leaving the backpack in the car. After the meeting, the Concerned Citizen turned over the backpack to law enforcement at a local police station.

18. Law enforcement searched the backpack and found, among other things, a 9mm Sarsilmaz handgun, serial number T110213G06707, loaded with 13 rounds of ammunition; several bags containing suspected narcotics; a traffic citation issued to VAILS; a paystub in VAILS's name; and a black Samsung cell phone, model number SM-A205U, with IMEI number ending in 4708 ("PHONE 1").

19. Law enforcement submitted several of the bags found in the backpack for laboratory testing. The lab results show that one of the bags contained approximately 0.7893 grams of methamphetamine, a Schedule II controlled substance; one of the bags contained approximately 11.9583 grams of heroin, a Schedule I controlled substance; and one of the bags contained approximately 11.7099 grams of eutylone, a Schedule I controlled substance.

20. Law enforcement determined that the location where the Concerned Citizen said she had found the backpack is in the travel path between the initial traffic stop of VAILS and the location where VAILS crashed and was taken into custody.

21. Law enforcement swabbed the firearm and two of the bags, and submitted the swabs for DNA analysis.

22. According to the lab results from the DNA analysis, no DNA profiles were obtained from the swabs collected from the firearm's trigger, grip, and sight. A partial DNA profile was obtained from the firearm magazine that contained a mixture of at least two individuals, including at least one male contributor. Due to the limited data obtained, no conclusion can be made on the mixture profile from the magazine swab. With respect to the bags, one bag did not yield any DNA profile. The other bag yielded a partial DNA profile containing a mixture of two contributors. The partial DNA profile was identified as belonging to another individual.

23. On or about May 8, 2020 the United States District Court in the Southern District of Florida issued a search warrant for PHONE 1. A review of PHONE 1's contents revealed that a text message sent to an unknown individual stated, "This TP."

24. A review of VAILS's jail communications indicated that on or about February 25, 2020, VAIL's referred to himself as the alias "TP."

25. A preliminary examination was performed by the ATF on the 9mm Sarsilmaz handgun, serial number T110213G06707, which concluded that the firearm had been manufactured outside the state of Florida.

26. On or about September 4, 2008, VAILS was convicted of a crime punishable by imprisonment for a term exceeding one year in the United States District Court for the Southern District of Florida in Case No. 08-80022-CR-MARRA—that is, armed bank robbery, in violation

of 18 U.S.C. § 2113(a)(d), and using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). For those offenses, the Court sentenced VAILS to 147 months' imprisonment to be followed by five years of supervised release. On or about February 22, 2020, VAILS was still on supervised release.

[INTENTIONALLY LEFT BLANK]

## CONCLUSION

27. As provided herein, I submit there is probable cause to believe that, on or about February 22, 2020, **TAPARRISH SHAKANE VAILS** did knowingly possess a firearm, in and affecting interstate commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and did knowingly possess a firearm in furtherance of a drug-trafficking crime, a felony offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of 21 U.S.C. § 841(a)(1), as provided herein, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Christopher A. Goodrich
Special Agent
Federal Bureau of Investigation

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed. R. Crim. P. 4(d) and 4.1.

Date: November 13, 2020

_____
HONORABLE WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE